**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee | §<br>§<br>§ | |
| v. | § | 5th Cir. No. 21-40459 |
| ADOLFO GARCIA BADILLO,<br>Defendant-Appellant. | §<br>§<br>§ | |

**UNITED STATES' UNOPPOSED MOTION
TO REMAND THIS CASE TO THE DISTRICT COURT
FOR THE ENTRY OF AN AMENDED JUDGMENT**

The United States respectfully files this unopposed motion to remand this case to the district court for entry of an amended judgment for the reasons listed below.

## Factual Background

1. On January 27, 2021, Adolfo Garcia Badillo (Badillo) was charged by indictment with being found in or near Kennedy County, Texas, without having consent to re-apply for admission into the United States from the Attorney General, or the successor, the Secretary of Homeland Security, pursuant to 6 U.S.C. §§ 202(3), 202(4), and 557, a

violation of 8 U.S.C. §§ 1326(a) and (b). (ROA.12-13).[1] On February 24, 2021, Badillo appeared with counsel before the Honorable United States Magistrate Judge Jason Libby for the admonishments required by Fed. R. Crim. P. 11 and the entry of a guilty plea to the one-count indictment. (ROA.66-81). Badillo pled guilty without a plea agreement with the United States and without being promised anything by anyone. (ROA.76). The district court accepted Badillo's plea and found him guilty.

2. Using the 2018 edition of the *Guidelines Manual*, the probation officer assessed Badillo a total offense level of 10 and a criminal history category of VI, resulting in an advisory Guideline range for imprisonment of 24 to 30 months. (ROA.129, 136, 141) (PSR ¶¶ 20, 32, 60). There was also the possibility of a term of supervised release of up to three years. (ROA.141) (PSR ¶¶ 63-64).

3. At the sentencing hearing, on June 9, 2021, the Honorable United States District Judge Drew B. Tipton heard from defense counsel, the prosecutor, and Badillo, and announced that Badillo's prior criminal

---

[1] "ROA" refers to the record on appeal, which is cited in accordance with 5th Cir. R. 28.2.2. "PSR" refers to the presentence investigation report, with all addenda, which is cited by ROA page number and by paragraph number.

history was under-represented and that an upward variance was necessary. (ROA.94-97). The district court imposed a 36-month sentence of imprisonment and three years of supervised release. (ROA.97). There was no objection to the sentence imposed. (ROA.80-93). The oral pronouncement of sentence was, in part, as follows:

> Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. In addition to the mandatory and standard conditions, I will include the immigration special conditions.
>
> Further, as a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to duly authorized immigration officials for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act. *If immigration officials decline to take custody of the defendant, as a condition of supervised release, immediately upon release from confinement, the defendant shall depart the United States and return to Mexico.* The defendant must remain outside the United States unless he receives permission to re-enter.
>
> In the event that the defendant re-enters the country or remains in the United States, he must comply with all conditions of supervised release, including reporting to the nearest United States Probation Office within 72 hours and providing a valid address to Probation. If the defendant fails to do so, a warrant will be issued for his arrest.

(ROA.97-98) (emphasis added).

4. After Badillo's sentencing hearing, the district court used the standard AO 245B (Rev. 9/19) judgment form adopted by the Southern District of Texas in General Order No. 2017-01. (ROA.34-38; *see* S. Dist. of Tex., Gen. Order No. 2017-01, In the Matter of Conditions of Probation and Supervised Release (2017)). Pertinent here is the section about the special conditions of supervision. The AO 245B judgment form contained two sections titled "Immigration Related Requirements." (ROA.37). The last paragraph, labelled "Immigration Related Requirements," provides in part:

> *If immigration officials decline to take custody of the defendant, as a condition of supervised release, immediately upon release from confinement, the defendant shall depart the United States and return to Mexico.* The defendant must remain outside the United States. In the event the defendant re-enters the country or remains in the United States, the defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release from confinement or re-entry into the country and must provide a valid address to Probation. If the defendant fails to do so, a warrant will be issued for the defendant's arrest.

(ROA.37) (emphasis added).

5. On June 22, 2021, the district court signed an amended judgment in a criminal case using the standard form AO 245C (Rev. 9/19)

judgment form adopted by the Southern District of Texas in General Order No. 2017-01. (ROA.45-49). This form also contains a section titled "Special Conditions of Supervision" which in turn contains two sub-headings labelled "Immigration Related Requirements." (ROA.48). The last paragraph, labelled "Immigration Related Requirements," provides in part:

> *If immigration officials decline to take custody of the defendant, as a condition of supervised release, immediately upon release from confinement, the defendant shall depart the United States and return to Mexico.* The defendant must remain outside the United States. In the event the defendant re-enters the country or remains in the United States, the defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release from confinement or re-entry into the country and must provide a valid address to Probation. If the defendant fails to do so, a warrant will be issued for the defendant's arrest.

(ROA.48). Badillo timely appealed. (ROA.39-40).

## Standard of Review

6. Where, as here, the conditions of supervised release are discretionary under 18 U.S.C. § 3583(d), the district court must orally pronounce them at the sentencing hearing, to give the defendant notice and an opportunity to object. *See United States v. Harris*, 960 F.3d 689,

696 (5th Cir. 2020) (citing *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020)). In *Diggles*, this Court held that where the district court orally adopts at sentencing a document that lists proposed supervised release conditions, notice to the defendant of those conditions is satisfied, such that the failure to object to them results in plain-error review on appeal. 957 F.3d at 559-60. In such circumstances, the district court's inclusion of a special condition in a list of permissible special conditions included with the PSR prior to sentencing provides the defendant an opportunity to object to the condition prior to or at sentencing. *Id*. at 960; *see also United States v. Rouland*, 726 F.3d 728, 733-34 (5th Cir. 2013); *Holguin-Hernandez v. United States*, --- U.S. ---, 140 S. Ct. 762, 764 (2020) ("A criminal defendant who wishes a court of appeals to consider a claim that a ruling of the trial court was in error must first make his objection known to the trial-court judge."). In such circumstances, plain-error review applies. This standard is "difficult" to overcome; it requires a defendant to show an obvious error that impacted his substantial rights and seriously affected the fairness, integrity, or reputation of judicial proceedings. *Puckett v. United States,* 556 U.S. 129, 135 (2009). Here, review should

be for plain error only. *See, e.g., United States v. Beraud*, 741 F. App'x 976, 979-80 (5th Cir. 2018) (unpublished).[2] In *Rouland*, 726 F.3d 728, for example, the district court "did not explain its sentence or orally pronounce[] any conditions of Rouland's supervised release," *id*. at 730, yet the panel held that plain-error review applied because Rouland had an opportunity in open court to object to the admission of an exhibit that included the special conditions at issue. *Id*. at 734.

7. Under *Rouland*, Badillo had an opportunity to object to the special condition at issue. As explained in *Rouland*, the application of anything other than the plain-error standard under these circumstances "would necessarily excuse [Baddillo's] duty to object in the district court, and would permit him a second opportunity to raise this alleged error that could have been presented to the district court." *Rouland*, 726 F.3d at 734 (citing *United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012) ("[W]e review an error [not] argued in the district court … for plain error"); *see also United States v. Bloch*, 825 F.3d 862, 872 (7th Cir. 2016)

[2] Unpublished opinions issued on or after January 1, 1996, are not precedent, except under certain circumstances not present here. An unpublished opinion may, however, be persuasive. *See* 5th Cir. Loc. R. 47.5.4; *see also Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

(finding that a defendant who got written notice of proposed special conditions of supervised release before sentencing "had far more opportunity to review and consider objections to those conditions than the defendants who have them read and imposed on them at sentencing.").

**<u>The Sole Issue on Appeal</u>**

8. The sole issue in this appeal concerns the "self-removal" special condition of supervised release. Badillo contends that the district court exceeded its statutory authority and imposed an illegal sentence by requiring his self-removal as a condition of supervised release. Presumably, the district court based the self-removal condition on 18 U.S.C. § 3583, which provides in relevant part:

> If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation.

18 U.S.C. § 3583(d).

8. In *United States v. Quaye*, 57 F.3d 447 (5th Cir. 1995), this Court held that judicial deportation through 18 U.S.C. § 3583(d) constitutes a violation of the separation of powers doctrine. According

to this Court, supervised release under § 3583(d):

> simply permits the sentencing court to order, as a condition of supervised release, that "an alien defendant [who] is subject to deportation" be surrendered to immigration officials for deportation proceedings under the Immigration and [Nationality] Act. In other words, following [the defendant's] surrender to Immigration authorities, he is entitled to whatever process and procedures are prescribed by and under the Immigration and [Nationality] Act [("INA")] for one in [the defendant's] circumstances, for the purpose of determining whether he is "an alien defendant . . . subject to deportation."

*Id.* at 449 (citing and adopting the holding in *United States v. Sanchez*, 923 F.2d 236, 237 (1st Cir. 1991)). The Court opined that disallowing judicial deportation:

> preserves Congress's long tradition of granting the Executive Branch sole power to institute deportation proceedings against aliens. We are unwilling to conclude that Congress intended to undermine the executive prerogative sub silentio in § 3583(d), or that Congress intended by its silence to deprive aliens deported at sentencing of such relief as alien asylum, which the Attorney General may grant.

*Id.* at 449–50. Thus, the Court vacated that portion of the sentence which ordered the defendant's deportation and remanded the case with instructions that the district judge amend the sentence to require the defendant to be surrendered to the INS for the deportation determination. *Id.* at 451.

9. This Court's holding that a district court does not have the independent authority under § 3583(d) to order the removal of an alien defendant as a condition of supervised release is in line with other courts of appeals. *See e.g., United States v. Tinoso*, 327 F.3d 864, 865 (9th Cir. 2003) ("agree[ing] with . . . the First, Second, Fourth, Fifth, Tenth, and Eleventh Circuits . . . that a district court exceeds its authority in ordering, as a condition of supervised release, immediate and automatic deportation without a deportation hearing" and citing cases).

10. Only an immigration judge may order an individual removed. *See United States v. Zamudio*, 718 F.3d 989, 990 (7th Cir. 2013); *see also Wong Wing v. United States*, 163 U.S. 228, 236–37 (1896) (noting, in dicta, that it is constitutional for Congress to delegate the authority to deport aliens to the executive branch). Thus, unless the prosecutor and immigration officials request that the district court hold a removal hearing, the district court is limited under § 3583(d) to ordering the surrender of the alien defendant to immigration officials for a determination of whether he or she will be removed pursuant to immigration procedures. *Quaye*, 57 F.3d at 449; *see Tinoso*, 327 F.3d at 866 (deportation and removal must be achieved through the procedures

provided in the INA); *United States v. Flores-Uribe*, 106 F.3d 1485, 1488 (9th Cir. 1997) (holding that under 8 U.S.C. § 1252a(d)(1), redesignated 8 U.S.C. § 1252a(c)(1) in 1996, district court lacked jurisdiction to order deportation absent a request from the United States Attorney with concurrence of the Commissioner of Immigration and Naturalization).

11. Here, the district court lacked authority to issue a deportation order without a deportation hearing. *See Quaye*, 57 F.3d at 449–50; *see also United States v. Romeo*, 122 F.3d 941, 943–44 (11th Cir. 1997); *United States v. Phommachanh*, 91 F.3d 1383, 1386 (10th Cir. 1996); *United States v. Xiang*, 77 F.3d 771, 773 (4th Cir. 1996); *United States v. Olvera*, 954 F.2d 788, 793 (2d Cir. 1992); *Sanchez*, 923 F.2d at 238. Because the district court lacked this authority, it similarly lacked the authority to require Badillo to self-remove. *Cf. United States v. Jalilian*, 896 F.2d 447, 449 (10th Cir. 1990) ("The district court exceeded its authority under the probation statute when it ordered Jalilian to leave the country."). The self-removal requirement amounts to a judicial deportation order that circumvents the procedures provided in the INA. This is precisely what this Court rejected in *Quaye*.

12. Accordingly, the United States concedes that the district court

exceeded its authority in entering the following portion of the self-removal condition: “If immigration officials decline to take custody of the defendant, as a condition of supervised release, immediately upon release from confinement, the defendant shall depart the United States and return to Mexico.”

## Conclusion

13. The United States respectfully moves this Court to remand this case to the district court to enter an amended judgment without the following special condition of supervised release: “If immigration officials decline to take custody of the defendant, as a condition of supervised release, immediately upon release from confinement, the defendant shall depart the United States and return to Mexico.” This Court should affirm the judgment and sentence in all other respects.

Respectfully submitted,

JENNIFER B. LOWERY
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

/s John Richard Berry

JOHN RICHARD BERRY
Assistant United States Attorney
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002
Cell phone: 713-899-1914
Desk Phone: 713-567-9506
Facsimile: 713-718-3302
E-mail: richard.berry@usdoj.gov

## CERTIFICATE OF SERVICE

I, Assistant United States Attorney John Richard Berry, certify that this motion for extension of time was filed electronically using the Court's ecf system and served on opposing counsel listed below on February 3, 2022:

Mr. Scott A. Martin
Assistant Federal Public Defender
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

Attorneys for Defendant-Appellant Adolfo Garcia Badillo

*s/ John Richard Berry*
JOHN RICHARD BERRY
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I contacted Mr. Scott A. Martin, appellate counsel for Adolfo Badillo and he stated that he was not opposed to the relief requested in this motion to withdraw the brief originally filed in this case and to substitute the attached motion to remand the case to the district court.

*s/ John Richard Berry*
JOHN RICHARD BERRY
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains approximately **2,378** words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Word 2016 in Century Schoolbook font, 14 point font for text and 12 point font for footnotes.

3. This motion complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because this motion has been redacted of any personal data identifiers.

4. This motion complies with the electronic submission of 5th Cir. R. 25.2.1, because this motion is an exact copy of the paper document.

5. This motion is free of viruses because this motion has been scanned for viruses with the most recent version of the McAffee Endpoint Security scanning program.

s/ John Richard Berry
John Richard Berry
Assistant United States Attorney
Date: February 3, 2022